**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**CARL LaVENTURE** *et al.*                                                                                    **PLAINTIFFS**

v.                                                                              **CIVIL ACTION NO. 5:04CV-P215-R**

**GLENN HAEBERLIN** *et al.*                                                                               **DEFENDANTS**

### MEMORANDUM AND ORDER

Plaintiffs, who are all inmates within the Kentucky Department of Corrections ("KDOC"), filed a civil rights action against KDOC officials and the KDOC itself alleging deprivation of their right to practice their Native American religion and its basic tenets. This matter is currently before the Court on Plaintiffs' request for preliminary injunction and/or order of protection, wherein they allege fear of threats of retaliation for filing the instant action (DN 4). For the reasons set forth herein, the motion will be denied.

### I.

A preliminary injunction is "issued to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2947 (2d ed. 1995). In deciding whether such relief is appropriate, a court must consider four factors: "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985); *see also Doe v. Barron*, 92 F. Supp. 2d 694, 695 (S.D. Ohio 1999). The four criteria are meant to guide the court's discretion and to serve as factors to be balanced rather than rigid requirements to be met in every case. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 653 (6th Cir.), *cert. denied,* 519 U.S. 807 (1996). The district

court is required by Rule 52 of the Federal Rules of Civil Procedure to make findings concerning all four of these factors unless fewer factors dispose of the issue. *United States v. Sch. Dist. of Ferndale, Mich.,* 577 F.2d 1339, 1352 (6th Cir. 1978).

## II.

Plaintiffs argue that each of the four factors are met, but they have failed to demonstrate the irreparable injury factor. With respect to this factor, Plaintiffs broadly claim that "[due] to the circumstances beyond the control of the Plaintiffs, and the very nature of the power and authority that can be asserted by the Defendants and/or their agents over the Plaintiffs at whim, the probability of irreparable injury is very high." Plaintiffs offer the following examples of potential irreparable injuries: (1) "Plaintiffs, or some of the plaintiffs, stand a good chance of transfer from KSP simply in an attempt to delay or stop the instant action"; (2) "Plaintiffs fear that as a result of choosing to exercise their rights, they are candidates for harassment; retaliation under disguise of 'Rules and/or Regulations'; and candidates subject to possible 'set ups' such as drugs, weapons and etc. which are 'planted then found' at the victim's expense"; (3) "Plaintiffs fear that the administration may send agents to 'lock up the Plaintiffs' when they stand or sit upon the Earthy areas of the yard and pray . . ., asserting 'non-violent demonstration' as the reason for the segregation confinement"; and (4) "Until the issue is decided by this Court, Plaintiffs are forbidden to pray together, or pray in accordance to our beliefs; Plaintiffs face the possibility of forcibly shaved heads." Plaintiffs nonetheless concede that they "cannot 'prove'... that they are under threat of retaliations, however it is common knowledge among the persons confined within the Kentucky Department of Corrections, that the 'powers that be' will retaliate when pushed or cornered."

To establish irreparable harm, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coalition of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show injury that is not remote or speculative but is actual and imminent. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

While Plaintiffs allege a threat or possibility of harm, Plaintiffs fail to show any actual, immediate, or presently existing threat of serious harm, and they admit as much.[1] Moreover, they offer no specific instances of any present or past illegal retaliatory or other conduct by Defendants or any other specifically identified person. Their allegations are speculative at best. A remote possibility of some future injury is simply insufficient to warrant the extraordinary relief requested. *See Smith v. Sears*, Nos. 1-03-CV-189, 1:03-CV-422, 2005 WL 1652166, at *11 (S.D. Ohio July 11, 2005) ("The movant must produce sufficient evidence showing all four factors favor preliminary relief.") (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

---

[1] Plaintiffs, on one occasion in their motion, do state, however, "Until the issue is decided by this Court, Plaintiffs are forbidden to pray together, or pray in accordance to our beliefs." The evidentiary standard is higher for preliminary injunctive relief than it is for preliminary screening under 28 U.S.C. § 1915A. In fact, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). To their motion, Plaintiffs attach unverified exhibits, which reflect, on the one hand, that "[g]roup worship is *not required* but is a common practice of the faith" (emphasis added) and which further reflect, on the other hand, that as a minimum requirement for offenders in prison, "[t]he pipe ceremony should be taken at least once a week and the Sweat Lodge Ceremony at least twice a month." These unverified, seemingly inconsistent exhibits fail to demonstrate a likelihood of success on the merits on the group prayer claim for the purpose of the instant motion.

For these reasons, **IT IS ORDERED** that the request for preliminary injunctive relief/protective order is **DENIED**.

Date:

cc:	Plaintiffs, *pro se*
	Defendants
	General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4413.005