UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:04CV-P215-R

**CARL LaVENTURE** *et al.*                                                                                    **PLAINTIFFS**

**v.**

**GLENN HAEBERLIN** *et al.*                                                                                   **DEFENDANTS**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on several motions by the parties. Each will be addressed below.

**1) Plaintiff Robert Foley's motions for Rule 60(b) relief from judgment, for summary judgment, for sanctions against Defendants, and to supplement his Rule 60(b) motion (DNs 118 & 133).**

In his motion for Rule 60(b) relief from judgment, Plaintiff Foley alleges fraud, misrepresentation and misconduct by Defendants (DN 118). He claims that, despite Defendants' claim in their motion for summary judgment that they implemented a new policy in January 2007 to accommodate Native American religious practices, Defendants "continue to refuse to 'implement' said policy, and changed that policy effective 2 May 2008, . . ., to permit/allow even less, and refuse to provide even that which the new policy calls for." Plaintiff Foley, therefore, asks the Court "to reinstate this action, for summary judgment/declaratory/injunctive relief for all the specifics of the January 2007 policy adopted but not implemented by defendants, . . . any for sanctions against the Defendants and their untruthful counsel for fraud, misrepresentation, and misconduct, pursuant to Federal Civil Rule 60(b)(3)."

Defendants filed a response (DN 119), arguing that the motion is time-barred. Plaintiff filed a reply (DN 123), asking that the motion be equitably tolled "for the period which the

plaintiff made good faith efforts to cooperate with prison authorities . . . and for that time which the defendants delayed the plaintiff in Bad Faith, after having this action dismissed through misrepresentation to the court." Plaintiff Foley seeks to supplement his Rule 60(b)(3) motion to submit copies of grievances that were previously unavailable to him (DN 133).

Plaintiff brings his Rule 60(b) motion under subsection (3), which provides for relief from judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court's order and judgment dismissing the action was entered on June 25, 2007 (DN 110), and Plaintiff did not file the instant Rule 60(b)(3) motion until over a year later on September 8, 2008.[1] The Rule 60(b)(3) motion is, therefore, untimely.

Notwithstanding this limitation, Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Such issues are not subject to a one-year limitation, but must be raised within a reasonable time of discovery of the fraud." *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1361 (7th Cir. 2007). "Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and *is not fraud between the parties or fraudulent documents, false statements or perjury*." *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983) (emphasis added). "Fraud upon the court is

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's motion is deemed filed when it is handed over to prison officials for mailing to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). While the motion was stamped "filed" by the Clerk's Office on September 10, 2008, Plaintiff signed his motion on September 8, 2008, and certified that the motion was mailed on September 8, 2008. Absent evidence to the contrary, the Court considers September 8, 2008, as the date of filing.

2

typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially." *Apotex Corp.*, 507 F.3d at 1361; *Bulloch*, 721 F.2d at 718 ("It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function-thus where the impartial functions of the court have been directly corrupted.").

Here, Plaintiff makes no such claims of fraud against this Court. Instead, he claims that the opposing parties engaged in fraud. On one occasion, Plaintiff makes a reference to defense counsel when he writes that he seeks sanctions "against the Defendants *and their untruthful counsel* for fraud, misrepresentation, and misconduct, pursuant to Federal Civil Rule 60(b)(3)." (emphasis added). "Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court." *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). Plaintiff, however, alleges no specific instance(s) of fraud, misrepresentation, or misconduct committed by counsel for Defendants. The single, conclusory statement by Plaintiff Foley against Defendants' counsel is wholly insufficient even to suggest, much less demonstrate, fraud on the court as contemplated by Rule 60(d)(3).

For these reasons, **IT IS ORDERED** that Plaintiff Foley's Rule 60(b)(3) motion for relief from judgment (DN 118) is **DENIED** and that his motion to supplement his Rule 60(b)(3) motion (DN 133) is **DENIED**. Further, because the Rule 60(b) motion for relief from judgment is denied and the action is, therefore, not reopened, **IT IS ALSO ORDERED** that Plaintiff Foley's motions for summary judgment and for sanctions (DN 118) are **DENIED as moot**.

**2) Plaintiff Robert Foley's motion to amend the action to add three previously unnamed "John Doe" Plaintiffs and to add other KSP and KDOC Defendants (DN 122).** In the motion to amend, Plaintiff seeks to add Roger Epperson, Vincent Stopher, and Philip Brown, who have each signed the motion, as previously unidentified plaintiffs to this action. He further seeks to add the following as defendants: Thomas Simpson, Warden of KSP; LaDonna Thompson, Commissioner of KDOC; and all future KSP Wardens and KDOC Commissioners. However, "[a]mendments after judgment should only be allowed if the standards under Rule 59(e) or 60(b) are met." *Russell v. GTE Gov't Systems Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005). Because this Court's June 25, 2007, judgment dismissing this action has not been set aside pursuant to either Rule 59(e) or 60(b), Plaintiff is not entitled to amend this action.

**IT IS THEREFORE ORDERED** that Plaintiff Foley's motion to amend (DN 122) is **DENIED**.

Nothing in this Memorandum and Order precludes Plaintiff Foley or KSP prisoners Roger Epperson, Vincent Stopher, or Philip Brown from filing a new action as to any new claims which he believes he has. The **Clerk of Court is DIRECTED to send** Plaintiff Foley as well as KSP prisoners Roger Epperson, Vincent Stopher, and Philip Brown forms for filing a civil rights action pursuant to 42 U.S.C. § 1983, should they wish to pursue such an action.

**3) Plaintiff Foley's motion for final adjudication and ruling on his motions (DN 134).** The Court having ruled on all of Plaintiff Foley's motions, **IT IS ORDERED** that his motion for final adjudication and ruling of those motions (DN 134) is **DENIED as moot**.

    **4) Plaintiffs Cliff Emerson's and Kirby Harden's motions to withdraw (DNs 131 & 132).** Plaintiffs Emerson and Harden move the Court to allow them to withdraw completely from this action. Because the instant action has been dismissed and has not been reopened, these Plaintiffs, along with all other parties, are terminated and are no longer involved in this case. Accordingly, **IT IS ORDERED** that Plaintiffs Emerson's and Harden's motions to withdraw (DNs 131 & 132) are **DENIED as moot**. Should Plaintiff Foley or any other Plaintiff file any other document in this action, Plaintiffs Emerson and Harden and any other terminated Plaintiff will not be considered part of that filing, unless they sign the filing themselves.

Date:

cc: Plaintiffs, *pro se*
   Counsel of Record
4413.005